UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 7:22-CR-16-REW-1, 2 |
| | ) | |
| v. | ) | |
| | ) | PRETRIAL AND DISCOVERY |
| AARON TYLER WELCH, and | ) | ORDER |
| SAMANTHA NICHOLE DANIELS, | ) | |
| | ) | |
| Defendants. | | |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendants having been arraigned and having pleaded not guilty, the Court enters this general order governing discovery and pretrial procedures for this criminal action.

1. This matter is assigned for jury trial on **Tuesday, December 6, 2022,** beginning at the hour of **8:30 a.m.**, at the United States District Court in Pikeville. Counsel and Defendant shall appear at **8:00 a.m.** Trial is anticipated to take 3 days.

2. The Court will grant trial continuances only upon properly supported findings required under the Speedy Trial Act (STA), 18 U.S.C. §§ 3161-3174. To that end:

   A. <u>Any defense motion for a trial continuance must affirmatively indicate, either via the defendant's personally signed statement or via attorney representation of consultation and consent, the defendant's agreement with and request for a continuance on the motion's terms</u>. Any such motion also shall include the factual basis for the request and citation to each and every STA section relied on as a basis for the motion. Unless otherwise ordered, the United States (and any other affected defendant) must respond to any continuance motion **within 5 days**. If a responding defendant does not oppose the motion, the response must affirmatively indicate, via the mechanics applicable to the moving defendant, the responding defendant's agreement with and request for a continuance on the original motion's or other stated terms.

   B. Any Government motion for a trial continuance shall include the factual basis for the request and citation to each and every STA section relied on as a basis for the motion. Unless otherwise ordered, any affected defendant must respond to any such motion **within 5 days**. If a responding defendant does not oppose the motion, the response must affirmatively indicate, via the ¶ 2(A) mechanics,

1

    the responding defendant's agreement with and request for a continuance on the on the original motion's or other stated terms.

C.   The Court's calculation of excludable time and processing of continuance requests turn on whether there is a valid basis for appropriate STA findings. The STA language and the public interests protected signify that agreement among the parties will not alone establish a lawful continuance basis.

D.   The Court retains discretion, in appropriate instances, to require a statement personally signed by a moving or responding defendant or to schedule a hearing, with counsel and defendant present, concerning a trial continuance motion.

3.   Defendant shall file any motion for rearraignment **no less than 2 weeks** prior to the commencement of trial. For any untimely motion, defense counsel must file an affidavit explaining the default. Plea timeliness is a consideration in assessing acceptance of responsibility under the United States Sentencing Guidelines. *See* U.S.S.G. § 3E1.1, app. nn. 1, 6. The Court expects the United States to offer plea agreements, if any, and the parties to otherwise engage in plea negotiations, if any, on a timeline calculated toward, and in a manner respectful of, this deadline.

    If the parties intend to proceed pursuant to a written plea agreement, they shall submit a copy of the proposed plea agreement to Chambers via email at wier_chambers@kyed.uscourts.gov **within 2 days** of the filing of a motion for rearraignment. By the same deadline, the parties shall also submit a copy of the proposed plea agreement to the United States Probation Office.

4.   Defensive motions shall be filed **within 30 days** of arraignment. If a superseding indictment necessitates a subsequent arraignment, defensive motions shall be filed by the later of (i) the original 30 day deadline, or (ii) within 15 days of the subsequent arraignment. Except as modified via subsequent Order and as detailed in ¶ 2, LCrR 47.1 governs briefing mechanics. If any party perceives a need for a more particularized approach to defensive motion regulation or, in this particular case, a need for an extended deadline, that party may move for an extension or hearing.

*Pretrial Discovery and Inspection*

5.   **Within 14 days** of arraignment, counsel shall confer, cover the Rule 16.1(a) topics, and, if requested, the United States shall disclose all information subject to disclosure under Rule 16(a). **Within 45 days** of arraignment, if requested, the defense shall produce all information subject to disclosure under Rule 16(b).

6.   Rule 16(c) and (d) address discovery regulation. The parties shall work cooperatively to resolve disputes but may file any motion(s), as appropriate, regarding the discovery process. Parties shall file such motions in time for effective resolution pretrial.

7. This Order does not require pretrial Jencks Act disclosures. The Court applies the Jencks Act and Rule 26.2 as written.

8. The Government shall disclose any known *Brady* material in accordance with Rule 16(a). If Rule 16(a) does not require disclosure, said material shall be disclosed in time for effective use at trial (or, if necessary and appropriate, at sentencing). A failure to disclose *Brady* material in time for effective trial use (or, if necessary and appropriate, at sentencing) may result in a recess or a continuance so that the Defendant may properly assess such evidence.

9. Upon service of a defensive request for notice of Rule 404(b) evidence, the United States shall provide reasonable notice in advance of trial (subject to Rule 404(b)(2)(B)) of the general nature of any such evidence it intends to introduce at trial. The Court presumes 14 calendar days prior to trial to be reasonable notice.

10. If the Government is unsure as to the nature of any evidence and the proper time for disclosure, it may request an *in camera* hearing on the question.

*Voir Dire*

11. The Court will conduct the initial voir dire of prospective jurors. Unless otherwise indicated, each counsel shall be given approximately 15 minutes for any follow-up questioning. The Court may exercise its discretion to shorten individual voir dire in trials involving multiple defendants or to lengthen the process where appropriate.

    A. Once the inquiry of the jury panel is completed, the Court will hear motions to strike potential jurors for cause or other excuse. After addressing the motions, the Court will direct the Clerk to remove the names of any jurors stricken from the list of eligible jurors. The Court will then determine the number of alternate jurors and the number of peremptory challenges.

    B. By random draw, the Clerk will call a round of potential jurors in a number accounting for trial jurors, alternates, and allotted peremptory challenges. The jurors will be seated in the order in which they have been called. The parties will then exercise their respective peremptory challenges, as to the trial jurors and separately as to alternates, utilizing blind simultaneous strikes. The first twelve jurors not stricken will be the jury. Alternate jurors will be designated in the same order, but alternate jurors will not be identified to the jury until after the jury has been instructed and before it retires to deliberate. The parties have until **10 days** prior to trial to file any objections to this jury selection procedure.

*Pretrial Filings*

12. The parties shall file a set of agreed proposed jury instructions <u>in the record</u> **at least 10 days** prior to the commencement of trial. If the parties are unable to agree on a set of instructions, they must file individually proposed instructions by the same

deadline. Any proposed instruction(s) shall cite supporting authorities. Whenever applicable, the parties shall follow Sixth Circuit pattern instructions or explain a variant authority.

13. **At least 10 days** prior to the commencement of trial, the parties shall submit <u>via email</u> at wier_chambers@kyed.uscourts.gov an agreed statement of the case suitable for reading to potential jurors, or, if they are unable to agree, separate statements. This submission should be brief and should identify primary issues raised by the parties (*i.e.*, a basic summary of charges and defenses). They may also, by this same deadline, submit <u>via email</u> any proposed topics or questions for the Court's use in voir dire.

14. **At least 10 days** prior to the commencement of trial, the United States (and the Defendant if he/she so chooses) shall submit <u>via email</u> to Chambers *in camera* witness and exhibit lists. The witness list(s) should include an estimate of the expected length of each person's direct testimony. **At least 10 days** prior to the commencement of trial, both sides shall submit <u>via email</u> to Chambers copies of all exhibits to be used at trial, pre-marked for identification purposes, and shall file in the record any stipulation(s) regarding evidence, exhibits, facts, and / or law. By this same deadline, the parties shall also submit <u>via email</u> to Chambers any transcriptions of audio exhibits intended for use at trial.

15. Additionally, **at least 2 weeks** prior to the commencement of trial, the parties must file in the record any motion(s) *in limine* and motion(s) for a final pretrial conference. At any time, a party may move the Court for other deadlines not particularly specified herein (*e.g.*, concerning *Daubert* motion briefing) or for, in a truly complex case, a more granular or segmented case schedule.

*Defense Services*

16. Defense counsel shall make any *ex parte* applications under 18 U.S.C. § 3006A(e) only <u>via eVoucher</u>, by creating a voucher and attaching any supporting document(s). Unless the Court otherwise directs, counsel shall not file a formal motion in the docket. The Court advises all parties that *ex parte* applications under § 3006A(e) may create excludable time under the Speedy Trial Act, and the parties shall consider that issue in making any STA calculations. See § 3161(h)(1).

*Detained Defendants*

17. The Court intends that custody not be an unfair impediment to constitutionally adequate defense preparation. Thus, for a defendant in custody, USMS **shall**, working with the relevant facility, ensure that defense counsel has access to the defendant at reasonable times and for reasonable periods, taking into account the seriousness and complexity of the case and counsel's stated needs. Further, USMS **shall** work with defense counsel and the facility to ensure that the defendant has fair and adequate time and opportunity to review discovery provided by defense counsel

and kept, stored, or presented at the facility. This may require, in a particular case, that a defendant receive sufficient time and access to review electronically stored information using, if and as applicable, USMS and facility approved equipment. The Court expects all stakeholders to work cooperatively in this context, and any party may file a motion for or the USMS may seek Court guidance if needed.

This the 29th day of September, 2022.

Signed By:
*Edward B. Atkins*  *EBA*
United States Magistrate Judge