UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 7:22-CR-16-REW-EBA |
| | ) | |
| AARON TYLER WELCH, and | ) | |
| SAMANTHA NICHOLE DANIELS, | ) | ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

*** *** *** ***

Defendant Aaron Tyler Welch moves to continue trial, currently set for December 6, 2022. *See* DE 26 (Motion). As grounds, he indicates that the parties need additional time to negotiate toward an agreement and/or, if need be, prepare for trial. *See id.* Co-defendant Samantha Nichole Daniels and the United States both responded without objection. *See* DE 27 (Daniels's Response), DE 27-1 (Daniels's Waiver), DE 29 (United States's Response). The motion is ripe for review.

The Speedy Trial Act provides that a criminal trial "shall commence within seventy days from the filing date (and making public) of the . . . indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). However, the Court shall exclude certain "periods of delay . . . in computing the time within which the trial of any such offense must commence[.]" *Id.* § 3161(h); *see generally United States v. Brown*, 819 F.3d 800, 809 (6th Cir. 2016). This includes "delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government," provided that the

1

judge finds "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

Under the one-clock rule, such a finding applies to all defendants joined together in one action. *See United States v. Cope*, 312 F.3d 757, 776 (6th Cir. 2002) ("[When] multiple defendants are charged together and no severance has been granted, one speedy trial clock governs."); *see also United States v. Sobh*, 571 F.3d 600, 602 (6th Cir. 2009) (construing § 3161(h)(6) to "mean[] that when multiple defendants are charged together, and no severance has been granted, one speedy trial clock governs"); *id.* ("[T]he excludable delay of one defendant is also excluded for his codefendants.").

On September 29, 2022, the Court arraigned Welch and Daniels, commencing the Speedy Trial Act (STA) clock. *See* DE 15 (Minute Entry); *Sobh*, 571 F.3d at 603 (finding that the STA clock begins to run when the last co-defendant is arraigned); *United States v. Richmond*, 735 F.2d 208, 211 (6th Cir. 1984) ("In calculating the seventy-day limit, the day of the arraignment is excluded."). Due to intermittent stoppages for motion practice, thirty-seven days passed before Welch stopped the STA clock on November 17, 2022, by filing a motion to continue trial. *See* DE 26 (Motion to Continue); *see also* 18 U.S.C. § 3161(h)(1)(D). Therefore, as of the day of this Order, **thirty-three days** remain on Defendants' STA clock.

When considering whether to grant a continuance, the Court must weigh, among other factors, whether failing to grant the continuance would "result in a miscarriage of justice" or "deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(i),(iv). As grounds, Welch's counsel cites the need for more time to negotiate an agreement with the government and, in the case that the agreement does not fructify, prepare for

trial. *See* DE 26 at 1. No party objects to the request; in fact, co-defendant Daniels submitted an express waiver of her speedy trial right. The Court thus finds, per § 3161(h)(7)(A), that the ends of justice served by granting the sought continuance outweigh the best interests of the defendants and the public in a speedier trial. This decision does not rest on any impermissible § 3161(h)(7)(C) grounds.

The Court thus **ORDERS** as follows:

1. The Court **GRANTS** DE 26 and **CONTINUES** the jury trial to **February 7, 2023, at 8:30 a.m.** (counsel and defendant shall appear by 8:00 a.m.) in Pikeville, Kentucky;

2. The Court **DECLARES** the time between December 15, 2022, and February 7, 2023, excludable pursuant to 18 U.S.C. § 3161(h)(7)(A) and per the STA findings in this Order;

3. The trial-tethered deadlines in the Court's Pretrial and Discovery Order (DE 16) shall become relative to this new trial date, as applicable; and

4. The Court **FINDS** this trial schedule STA compliant, per § 3161(h)(7) and the above analysis. If there is an objection to the speedy trial analysis, the objecting party shall file a motion within 10 (ten) days of this Order.

This the 23rd day of November, 2022.

Signed By:
*Robert E. Wier*  REW
United States District Judge